76,283-07

CAUSE No. 35498-C

STEVEN MICHAEL BACKSTROM § IN THE TEXAS COURT

v. § OF CRIMINAL APPEALS,

THE STATE OF TEXAS § AUSTIN, TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 26 2015

Abel Acosta, Clerk

WRIT OF MANDAMUS

TO THE HONORABLE JUSTICES OF SAID COURT:

COMES NOW, STEVEN MICHAEL BACKSTROM, Applicant, And would respectfully show this Court the following:

Traditionally, A WRIT of MANDAMUS issued only to compel the performance of A MINISTERIAL act or duty, but the WRIT is also available to correct A clear abuse of discretion committed by the trial court.

Inwhere a trial court abuses it's discretion for MANDAMUS purpose if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. IN RE H.E. Butt Grocery Co., 17 S.W. 3d 360 (TEX 2000) At 366-67, Also see WALKER V. PACKER, 827 S.W. 2d 833, 839 (TEX 1992).

"Ministerial act" requirement is requirement that relator have "A clear right to the relief sought" meaning that the relief sought must be clear and "indisputable" such that it's merits are "beyond dispute" with "nothing left to the exercise of discretion or judgement." IN RE Piper, 105 S.W. 3d 107 (TEX-App.-WACO 2003)

A trial court has no discretion in determining what the law is or in applying the law to facts, thus, said failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion. IN RE Paso Del Norte Surgery Ctr., 281 S.W. 3d 521 (TEX 2008).

In the case at bar, Applicant filed his actual innocence writ of habeas corpus, Art. 11.07 (subsequent) into the 33rd Judicial District Court on July 6, 2015. The State timely filed it's Answer.

Pursuant to TEX. Code of Crim. P., Art. 11.07 §3 (c), the trial court, within 20 days, shall decide whether there are controverted, previously unresolved facts material to the legality of the applicant's confinement. That date expired on August 11, 2015, therefore, it is the trial court's ministerial duty to make that determination within the designated time frame.[1]

Without question the trial court abused it's discretion in that the court could have reached only one reasonable decision, thus, abuse of discretion in that the decision made was a clear failure by that court to analyze or apply the law correctly and therefore arbitrary and unreasonable. Gracida v. Tagle, 946 S.W. 2d 504 (TEX 1997).

This matter is an exceptional case where the clear abuse of discretion and usurpation of judicial power is in play. IN RE Sessions, 627 S.W 2d 564.

---

[1] Applicant also submitted a motion for special consideration in regards to his mother's terminal cancer.

Applicant prays this Honorable Court will order the trial court to comply with the law and forward it's findings and conclusions to this Court for final state level disposition. As it stands, Applicants mother is ill and he requests the most expedicious process as possible.[2]

Under penalty of perjury, Applicant, Steven M. Backstrom, avers to the facts and statements herein.

Signed this 20th day of August, 2015

Respectfully Submitted,

Steven M. Backstrom
TDCJ # 1657938
Clements Unit
9601 Spur 591
Amarillo, TX 79107

---

[2] This is Applicant's 2nd writ of habeas corpus, into the 33rd Jud. Dist. Court and his 2nd writ of mandamus for this purpose.

NOTE An Applicant has the right to repair deficiencies as opposed to outright denial. Cronin V. Smith, 812 S.W. 2d 69, 70 (1991)

NOTE Motion for leave not required (TRAP 72.1) In Re McGee, 213 S.W. 3d 405, 406 (2006).

NOTE For jurisdiction, see Padilla V. State, 122, S.W. 3d 805, 807 (1991) Tex. Const 5 § 6.